# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| PERFORMANCE RHINO LLC, | |
| Plaintiff, | 2:19-cv-00450-APG-VCF |
| vs. | **ORDER** |
| GUN GARAGE & SHOOTING RANGE LLC, *et al*, | MOTION FOR SANCTIONS [ECF NO. 41] |
| Defendants. | |

Before the Court is defendant Gun Garage & Shooting Range LLC's motion for sanctions. (ECF No. 41). The Court grants the motion in part.

**I.    Background**

Plaintiff Performance Rhino LLC ("Performance") alleges, among other claims, that defendant Gun Garage & Shooting Range LLC ("Gun Garage") infringed its Gun Garage trademark. (ECF No. 1 at 6-10). Defendant argues in its motion for sanctions that case terminating sanctions are appropriate because the plaintiff has failed to prosecute this matter or participate in discovery because it failed to produce its initial disclosures, which were due January 7, 2020. (ECF No. 41 at 3 citing to ECF No. 28). The parties stipulated to multiple extensions in January 2020 for plaintiff's initial disclosures, and when the defendant followed up in February 2020, its counsel at the time, attorney Jonathan Fountain with Howard & Howard, said that he intended to withdraw and did not address the outstanding disclosures. (ECF No. 41 at 3). On February 21, 2020, attorney Charles Gianelloni with Snell & Wilmer said he represented Performance in other matters and he would likely be making an appearance once Fountain withdrew, but that Performance's sole-managing member Darby Neagle had recently been convicted of

1

a felony and sentenced to three years in prison. (*Id*.) On February 21, 2020, the Court granted Fountain's motion to withdraw (ECF No. 37) and warned Performance that as a corporate defendant it could not proceed without counsel in this matter: the Court set a status conference and instructed the defendant to submit a status report to address the status of plaintiff's representation (ECF No. 39).

On April 17, 2020 defendant Gun Garage filed the instant motion (ECF No. 41), on April 27, 2020, defendant filed a status report to inform the Court that Performance still did not have counsel of record (ECF No. 42), and on April 28, 2020, attorneys Gianelloni, Bob Olson, and Michael Paretti made their appearances (ECF No. 43). Performance argues in its response that it did not serve initial disclosures or immediately retain counsel as required because attorney Gianelloni had COVID-19 and was hospitalized. (ECF No. 48). Performance served its initial disclosures on May 13, 2020. (*Id*. at 2). Defendant argues in its reply that Performance did not make an appearance until it filed this motion for sanctions and the status report, that it waited four months to make the disclosures, and that federal law required plaintiff to retain counsel as soon as possible because it is a corporate defendant. (ECF No. 50 at 4).

**II.     Analysis**

A corporation may appear in federal court only through licensed counsel under 28 U.S.C.S. § 1654. FRCP 26 states:

> (C) Time for Initial Disclosures--In General. A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Federal Rule of Civil Procedure 37 (a)(1). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FRCP 37(a)(3)(A). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a

failure to disclose, answer, or respond." FRCP 37(a)(4). "The sanctions available to the district court are discretionary and the imposition of such sanctions "as are just" will not be reversed unless there has been an abuse of discretion." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). The party facing the sanction has the burden of showing substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

The parties do not dispute that the plaintiff did not timely produce its initial disclosures. The parties also do not dispute that Performance, as a corporate litigant, was required by federal law and by this Court's order to promptly retain counsel. Performance is the plaintiff in this case and must prosecute its claims with reasonable diligence. Performance delayed producing its initial disclosures for four months, and then delayed retaining counsel even though federal law and this Court compelled it to promptly retain counsel. The Court finds that the delay is of no fault to attorney Gianelloni because he was in the hospital with COVID-19 during a pandemic and he is new to this case, so sanctioning attorney Gianelloni would be unjust. Performance, however, still had an obligation to diligently prosecute its claims, comply with its discovery obligations, and promptly retain counsel, even if Gianelloni was unavailable. Performance has not met its burden to show that its four-month delay is substantially justified or harmless to the defendant. This Court sanctions Performance and orders that it pay $500 in monetary sanctions within 30 days to the Crime Victims Assistance Fund. The check must be from Performance Rhino LLC and payable to Clerk, U.S. District Court, credited to the fund, within 30 days of this Order.

Accordingly,

IT IS ORDERED that the defendant's motion for sanctions (ECF No. 41) is GRANTED IN PART: plaintiff has until Thursday, August 6, 2020 to comply with this Order.

DATED this 7th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE